# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

MICHAEL SABO,                           )
                                        )
      Appellant,                    )
                                        )
    vs.                               )     NO. 1:07-cv-00396-DFH-TAB
                                        )
SCOTT WILLIAM MONTGOMERY,               )
                                        )
      Appellee.                     )

### Entry Affirming February 28, 2007 Order of the Bankruptcy Court

On February 28, 2007, the Bankruptcy Court denied appellant Michael Sabo's ("Sabo") request for an extension of time in which to file a notice of appeal from a decision adverse to Sabo's claim in Adversary Proceeding No. 06-50241, Case No. 06-00554-AJM 7. For the reasons explained in this Entry, the Bankruptcy Court's Order **must be affirmed.**

## I. Background

On May 22, 2006, Sabo initiated an adversary proceeding in the United States Bankruptcy Court. In that action, Sabo sought to have a debt declared nondischargeable under 11 U.S.C. § 523(a)(2) and (4). The alleged debt derives from a pending legal malpractice claim in state court which Sabo brought against his former attorney, Scott William Montgomery. The malpractice claim is based upon Montgomery's representation of Sabo in a state criminal action. Specifically, Sabo claims that Montgomery defrauded him when he allegedly told Sabo that Sabo could not withdraw his guilty plea. A trial in the adversary proceeding was held on December 8, 2006, before Judge Metz. At the conclusion of the trial, the Judge announced his findings and conclusions from the bench, while Sabo and his counsel were present in the courtroom. Judge Metz  found for the defendant, Montgomery, concluding that the evidence presented did not show that Sabo was defrauded by Montgomery and therefore any debt was dischargeable. Judgment was entered on the clerk's docket on December 15, 2006.

At the time of trial and at the time judgment was entered on the clerk's docket, Sabo was represented by attorney Karen Jensen. Sabo asserts that he instructed Jensen to withdraw a few days after the December 8th trial, but she did not file a motion to withdraw until February 22, 2007.

Sometime after December 26, 2006, Sabo was unable to reach Jensen and checked the docket sheet in the adversary proceeding. In doing so, Sabo learned that judgment had been entered in the case. The following events, on the dates indicated, then ensued.

| | |
|---|---|
| January 11, 2007 | Sabo filed a "motion for relief of judgment" pursuant to Fed. R. Civ. P. 60(b)(1). |
| January 22, 2007 | Jensen requested a copy of the transcript on Sabo's behalf. |
| January 29, 2007 | The bankruptcy court found that Sabo had not stated grounds for relief under Federal Rules of Bankruptcy Procedure 9024 and denied the Sabo's "motion for relief of judgment." |
| February 15, 2007 | Sabo filed a motion for extension of time to file his notice of appeal from the December 14, 2007, Judgment, and from the January 29, 2007, Order Denying Plaintiff's Motion for Relief from Judgment pursuant to Rule 8002(C). |
| February 22, 2007 | Attorney Jensen filed a motion to withdraw as Sabo's attorney. |
| February 28, 2007 | Jensen's motion to withdraw was granted. |
| February 28, 2007 | The bankruptcy court denied Sabo's motion for extension of time. |
| March 5, 2007 | Sabo filed his Notice of Appeal. |

The Bankruptcy Court's reasoning relative to its ruling of February 28, 2007, is that pursuant to Rule 8002 of the *Federal Rules of Bankruptcy Procedure* Sabo was to have done one of the following on or before December 26, 2006: (1) file a notice of appeal; (2) file a motion for extension of time to file notice of appeal; or (3) file the type of motions set forth in Rule 8002(b), among which is a motion for relief from judgment or order under *Fed. R. Civ. Proc.* 60, applicable to bankruptcy proceedings by *Fed. R. Bankr. Pro.* 9024. Because Sabo had done none of these things, his motion for extension of time to appeal was denied.

## II. Issue

Sabo has not appealed the Bankruptcy Court's Judgment of December 15, 2006. Instead, he appeals the Order of February 28, 2007, denying his motion for an extension of time in which to file an appeal from the Judgment of December 15, 2006.

### III.  Applicable Law

An appeal from a judgment, order, or decree of a bankruptcy judge to a district court must be taken within the time provided by *Fed. R. Bankr. P.* 8002, which establishes the general time limits for filing the notice of appeal, the circumstances under which they may be extended, and the maximum period for which such extension may be granted. "Under Bankruptcy Rule 8002(a), an appeal from a bankruptcy court decision must be filed within 10 calendar days of the date of entry of the order at issue." *In re Kmart Corp.*, 315 B.R. 718, 721 (N.D.Ill. 2004). If the appeal is filed more than ten (10) days after the entry of the order, the district court has no jurisdiction over the matter. *Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1109 (4th Cir. 1986); see *In re Maurice*, 69 F.3d 830, 832 (7th Cir. 1995) ("[If a] notice of appeal to the district court was jurisdictionally late . . . the bankruptcy judge's orders were outside the district judge's power of review."); *Stelpflug v. Fed. Land Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir. 1986) ("[R]equirement of a timely notice of appeal is 'mandatory and jurisdictional.'"). An appellant may not rely on notice by the bankruptcy court clerk of the entry of a judgment of the bankruptcy court for purposes of timely filing a notice of appeal, since the lack of such notice does not excuse an untimely appeal. *Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308 (S.D.N.Y. 1987); *Matter of Mullis*, 79 B.R. 26 (D.Nev. 1987).

The bankruptcy judge may extend the time for filing the notice of appeal by any party, unless the judgment, order or decree appealed from:

(1) grants relief from the automatic stay under 11 U.S.C.A. §§ 362, 922, 1201, 1301;
(2) authorizes the sale or lease of property or the use of cash collateral under § 363;
(3) authorizes the obtaining of credit under § 364;
(4) authorizes the assumption or assignment of an executory contract or unexpired lease under § 365;
(5) approves a disclosure statement under § 1125;
(6) confirms a plan under §§ 943, 1129, 1225, 1325.

Rule 8002(c)(1). In order to obtain such an extension, the appellant must make a request by written motion filed before the time for filing a notice of appeal has expired. Rule 8002(c)(2). However, a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. *Id.* An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed, or 10 days from the date of entry of the order granting the motion, whichever is later. *Id.*

Decisions as to whether to grant extensions of time pursuant to Rule 8002 should be reviewed for an abuse of discretion. *Fed. R. Bankr. P.* 8002(c)(1); *In re Wigoda*, 11 Fed. Appx. 624, 625 (7th Cir. 2001). Sabo argues that the bankruptcy court abused its discretion when it (1) granted Jensen's Motion to Withdraw effective February 26, 2007, and (2) denied Sabo's Motion for Extension of Time to File Appeal on February 28, 2007. He

3

contends that his untimely appeal was due to "excusable neglect." According to Sabo, his appeal would have been timely filed if his attorney would have followed his instructions and withdrawn on or about December 8, 2006, because at that time he would have begun to receive notification of any docket activity in his bankruptcy case, including the entry of Judgment on December 15, 2006. Instead, he contends that he learned of the court's ruling after December 26, 2006, when he was unable to reach his attorney and only because he checked the docket sheet on his own.

## IV. Discussion

The *Federal Rules of Bankruptcy Procedure* 8002(c) gives a bankruptcy court the discretion to extend the time for filing a notice of appeal if the movant requests an extension within 30 days of entry of the order and the movant demonstrates "excusable neglect." The Bankruptcy Court found that Sabo did not make this showing. The Bankruptcy Court's conclusion is reviewed only for abuse of discretion. An abuse of discretion will be found "'only if no reasonable person could agree with the [ruling].'" *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 357 (7th Cir. 1997) (quoting *Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir. 1996)).

As Bankruptcy Judge Metz accurately stated pursuant to Rule 8002 of the *Federal Rules of Bankruptcy Procedure,* Sabo was to have done ONE of the following on or before December 26, 2006: (1) file a notice of appeal; (2) file a motion for extension of time to file notice of appeal; or (3) file the type of motion set forth in Rule 8002(b), among which is a motion for relief from judgment or order under *Fed. R. Civ. Proc.* 60, applicable to bankruptcy proceedings by *Fed. R. Bankr. Pro.* 9024. Sabo filed nothing by December 26, 2006. His notice of appeal was not filed until March 5, 2007.

Sabo asserts that this failure is due to excusable neglect in that his lawyer failed to (1) timely file the Notice of Appeal, or (2) withdraw her appearance after Sabo requested that she do so, or (3) timely notify him that his Motion for Relief of Judgment had been denied. These assertions are without merit. In this case, Sabo's lawyer's failure to file a Notice of Appeal or to take the other action attributed to her are not grounds for excusable neglect.

Sabo maintains that he learned that Judgment had been entered on the clerk's docket sometime after December 26, 2006–at least eleven days after the December 15, 2006, Judgment was entered, because his attorney failed to timely withdraw her appearance and Sabo was not notified directly by the court that judgment had been entered. But this argument is unpersuasive.

In *Pioneer Ins. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993), the leading case on "excusable neglect" in bankruptcy law, the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Legal professionals are expected "to exercise vigilance and caution in the performance of [their] responsibilities." *Robb*, 122 F.3d at 362-63 (quoting

4

*Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 615 (7th Cir. 1987) (Coffey, J., dissenting)). "[N]ot every instance of neglect to file on time is excusable." See *United States v. Marbley,* 81 F.3d 51, 52 (7th Cir. 1996); *Robb*, 122 F.3d at 362-63 (stating that district judges should "keep[ ] in mind the standards expected of all attorneys as well as the importance of preserving the integrity of filing deadlines and court rules.") The Court has also held that it did not matter that the fault was caused by the attorney and not the party, because clients are accountable for the acts and omissions of their attorney. *Matter of Bulic,* 997 F.2d 299, 302 (7th Cir. 1993) (discussing *Pioneer*).

In *Robb,* 122 F.3d at 361, the Seventh Circuit "clarif[ied] that there is not a "hard and fast" rule in this circuit which bars a trial judge from exercising discretion to determine whether attorney negligence in missing a filing deadline may be deemed 'excusable neglect.'" However, a judge should consider "all relevant circumstances surrounding the omission" in a particular case, including the following equitable factors:

> [T]he danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395.

It is clear that Sabo's attorney received notice of the entry of final judgment. Jensen served has Sabo's attorney through February 26, 2007, and the record does not contain a reasonable explanation for her failure to either withdraw or notify her client regarding the entry of final judgment. Jensen's statement that she did not believe she needed to withdraw from the case because she had (improperly) filed her appearance in the main bankruptcy case (No. 06-00554-AJM-7) but not in the Adversary Proceeding (No. 06-50241) is unpersuasive. Jensen was aware of the proceeding in which she was involved; she represented her client at trial in the adversary proceeding and was notified by the clerk's office that she was required to file her pleadings in the adversary proceeding. When Jensen did finally file a motion to withdraw, moreover, the Bankruptcy Court clearly made a timely ruling and it would have been improper for the record to reflect that Ms. Jensen withdrew on December 11, 2006, because she was still appearing on Sabo's behalf as late as January 22, 2007, at which time she requested a transcript for Sabo. The Seventh Circuit has held that "it is not an abuse of discretion for a Bankruptcy Court to find no excusable neglect where the only excuse the movant offers is that she misunderstood or misapplied the rules." *In re Wigoda*, 11 Fed. Appx. 624, 625 (7th Cir. 2001). Jensen had the necessary information she needed to ascertain the time frame within which Sabo could have acted in order to pursue his claim in an appeal or any other post-judgment proceeding.

In addition, Sabo himself was aware of the Bankruptcy Court's findings of fact and conclusions of law based on his attendance at the trial where these issues were discussed. To ensure a timely appeal, Sabo could have chosen to appeal immediately. Rule 8002 provides for this situation: "A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after

such entry and on the day thereof." Rule 8002(a). In any event, Sabo was on notice that a judgment would be entered within a matter of days and could have ensured that his attorney timely withdrew or checked the docket to determine the day judgment was entered. In addition, there is a clear question–which need not be answered for the purposes of this Entry–regarding when Sabo asked Jensen to withdraw based on the fact that she continued to act on his behalf as late as January 22, 2007, more than thirty days after the Bankruptcy Court's December 15, 2007, Entry.

## V. Conclusion

Applying the abuse of discretion standard to the question presented here, a reasonable person could readily find that Sabo's neglect was not excusable. There was no abuse of discretion by the Bankruptcy Court in denying Sabo's motion for an extension of time in which to file an appeal. Therefore, the February 28, 2007, Order of the Bankruptcy Court is **affirmed**.

So ordered.

_David F. Hamilton_

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 2/7/2008

Distribution:

Michael Sabo
747 S. Drexel Ave.
Indianapolis, IN 46203